**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT*
58 S. Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

ATTORNEYS OF RECORD:
    KATHRYN J. BARRY
    JACQUELINE WILD

-------------------------------------------------------

MEERA PATEL

        Plaintiff,

    -against-

COTA INC., INSPERITY PEO SERVICES,
L.P. and KAELEIGH FARRISH

        Defendants.

-------------------------------------------------------

Civ. No.:  22-cv-3840 (LGS)


**DEFENDANT KAELEIGH**
**FARRISH'S ANSWER TO**
**PLAINTIFF'S COMPLAINT**


TO:    Megan Goddard, Esq.
       GODDARD LAW PLLC
       *Attorney for Plaintiff*
       39 Broadway, Suite 1540
       New York, New York 10006

        Defendant KAELEIGH FARRISH ("Defendant Farrish"), by and through her

undersigned attorneys, Jackson Lewis P.C., in response to the allegations in the Complaint filed

Plaintiff MEERA PATEL, hereby states as follows:

**AS TO "PRELIMINARY STATEMENT"**

        1.    Defendant Farrish admits that Plaintiff purports to proceed as set forth in

Paragraph 1 of the Complaint, but denies any and all factual allegations contained therein and

1

denies that Plaintiff has stated a claim for which relief can be granted under any of the cited statutes.

2.      Defendant Farrish admits that Plaintiff purports to seek damages as set forth in Paragraph 2 of the Complaint, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

## AS TO "JURY DEMAND"

3.      Defendant Farrish admits that Plaintiff purports to request a jury trial and respectfully refers all matters of law to the Court.

## AS TO "JURISDICTION AND VENUE"

4.      Paragraph 4 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 4 contains any allegations of fact requiring a response, Defendant Farrish admits the Court has original jurisdiction over Plaintiff's federal claim pursuant to the cited provision generally, but denies any violation of the law, and further admits Defendant Farrish joined in a notice of removal of this case from New York State Supreme Court, County of New York.

5.      Paragraph 5 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 5 of the Complaint contains any allegations of fact requiring a response, Defendant Farrish admits Plaintiff worked in this District during her employment with Defendant COTA, denies that she employed Plaintiff, lacks knowledge or information sufficient to form a belief as to whether Plaintiff was employed by Defendant INSPERITY PEO SERVICES, L.P. ("Defendant Insperity"), and otherwise admits that venue is proper in this District.

## AS TO "THE PARTIES"

6. Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint calls for a legal conclusion to which no response is required. To the extent Paragraph 7 of the Complaint contains allegations of fact requiring a response, Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

8. Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint calls for a legal conclusion to which no response is required. To the extent Paragraph 9 of the Complaint contains allegations of fact requiring a response, Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

10. Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint.

11. Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Complaint.

12. Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint calls for a legal conclusion to which no response is required. To the extent Paragraph 13 of the Complaint contains allegations of fact requiring a response, Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

14.    Paragraph 14 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 14 of the Complaint contains allegations of fact requiring a response, Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

15.    Defendant Farrish admits she is a "white woman," but otherwise denies the allegations in Paragraph 15 of the Complaint.

16.    As "relevant times" is undefined, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint.

17.    Paragraph 17 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 17 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

18.    Paragraph 18 of the Complaint calls for a legal conclusion to which no response is required. To the extent Paragraph 18 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

19.    Paragraph 19 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 19 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

## AS TO "FACTUAL ALLEGATIONS"

## AS TO "PLAINTIFF IS DIAGNOSED WITH A MENTAL HEALTH DISORDER"

20.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint.

21.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Complaint.

22.    Paragraph 22 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 22 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

23.    Paragraph 23 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 23 of the Complaint contains allegations of fact requiring a response, Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

### AS TO "PLAINTIFF INTERVIEWS AND BEGINS HER EMPLOYMENT AT DEFENDANTS"

24.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint.

25.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Complaint, except admits that, during Defendant Farrish's employment with Defendant COTA, Inc., Defendant COTA, Inc. was an oncology data and analytics company.

26.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint.

27.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Complaint.

28.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Complaint.

29.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Complaint.

30.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's mental state, and otherwise denies the allegations in Paragraph 30 of the Complaint.

31.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Complaint, except admits Defendant Farrish was Plaintiff's supervisor during Plaintiff's employment with Defendant COTA and that as of July 2018, Defendant Farrish reported to Vivek Kumar.

32.    Defendant Farrish denies the allegations in Paragraph 32 of the Complaint.

33.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Complaint.

34.    Defendant Farrish denies the allegations in Paragraph 34 of the Complaint.

35.    Defendant Farrish admits Plaintiff purports that she was "unsettled" but denies any allegations of conduct attributable to Defendant Farrish in Paragraph 35 of the Complaint.

36.    Defendant Farrish denies the allegations in Paragraph 36 of the Complaint.

**AS TO "PLAINTIFF RECOGNIZES A LACK OF QUALITY IN THE PHARMA INFORMATION SOLD BY DEFENDANTS"**

37.    Defendant Farrish denies the allegations in Paragraph 37 of the Complaint.

38.    Defendant Farrish admits that Plaintiff purports she was "hopeful," but denies any allegations of conduct attributable to Defendant Farrish in Paragraph 38 of the Complaint.

6

**AS TO "PLAINTIFF IS UNDERUTILIZED AND ASSIGNED MUNDANE ADMINISTRATIVE TASKS"**

39.     Defendant Farrish denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant Farrish denies the allegations in Paragraph 40 of the Complaint.

41.     Defendant Farrish denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant Farrish denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant Farrish admits that Plaintiff purports she was "upset" and had "hope[]", but denies any allegations of conduct attributable to Defendant Farrish in Paragraph 43 of the Complaint.

44.     Defendant Farrish admits that Plaintiff purports it "was obvious to Plaintiff while helping the Clinical Data Department that she could drastically improve the quality of data that Defendants were selling if allowed to perform the role she was hired to do", but denies any allegations of conduct attributable to Defendant Farrish in Paragraph 44 of the Complaint.

**AS TO "DEFENDANT DIRECTOR FARRISH PROVIDES A STARTLING LACK OF LEADERSHIP TO PLAINTIFF WHILE SUPPORTING THE MALE DATA ANALYSTS"**

45.     Defendant Farrish admits the allegations in Paragraph 45 of the Complaint.

46.     Defendant Farrish denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant Farrish denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant Farrish denies the allegations in Paragraph 48 of the Complaint.

**AS TO "DEFENDANT DIRECTOR FARRISH PICKS ON PLAINTIFF AND SINGLES HER OUT WITH MICROAGGRESSIONS"**

49.     Defendant Farrish admits she has an interest in helping women of color succeed in the workplace, but otherwise denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant Farrish denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant Farrish denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant Farrish denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant Farrish denies the allegations in Paragraph 53 of the Complaint.

54.     Defendant Farrish denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant Farrish denies the allegations in Paragraph 55 of the Complaint.

56.     Defendant Farrish admits that Plaintiff purports she "knew that she was being under-utilized," but denies any allegations of conduct attributable to Defendant Farrish in Paragraph 56 of the Complaint.

## AS TO "PLAINTIFF IS ENCOURAGED TO FULFILL HER ROLE AS A DOCTOR AND ANALYTICS EXPERT"

57.     Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 of the Complaint.

58.     Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 of the Complaint.

59.     Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 of the Complaint.

60.     Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 of the Complaint.

61.     Defendant Farrish admits Plaintiff assisted Dr. Khan at certain times during Plaintiff's employment, but otherwise denies the allegations in Paragraph 61 of the Complaint.

## AS TO "DEFENDANT DIRECTOR FARRISH CONTINUES TO TREAT PLAINTIFF DIFFERENTLY"

62.     Defendant Farrish denies the allegations in Paragraph 62 of the Complaint.

63.     Defendant Farrish denies the allegations in Paragraph 63 of the Complaint.

64.     Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 of the Complaint.

65.    Defendant Farrish denies the allegations in Paragraph 65 of the Complaint.

66.    Defendant Farrish denies the allegations in Paragraph 66 of the Complaint.

67.    Defendant Farrish denies the allegations in Paragraph 67 of the Complaint.

68.    Defendant Farrish denies the allegations in Paragraph 68 of the Complaint.

69.    Defendant Farrish denies the allegations in Paragraph 69 of the Complaint.

70.    Defendant Farrish denies the allegations in Paragraph 70 of the Complaint.

## AS TO "DEFENDANT DIRECTOR FARRISH BLOCKS PLAINTIFF FROM OBTAINING PTO BUT APPROVES HER MALE PEERS' PTO REQUESTS"

71.    Defendant Farrish denies the allegations in Paragraph 71 of the Complaint.

72.    Defendant Farrish denies the allegations in Paragraph 72 of the Complaint.

## AS TO "PLAINTIFF FILLS OUT HER SELF-EVALUATION"

73.    Defendant Farrish admits Plaintiff completed a self-assessment in or around January 2019 and admits that Plaintiff purports she "hoped that she would finally be properly utilized", but denies any remaining allegations of conduct attributable to Defendant Farrish in Paragraph 73 of the Complaint.

74.    Defendant Farrish denies the allegations in Paragraph 74 of the Complaint.

75.    Defendant Farrish denies the allegations in Paragraph 75 of the Complaint.

76.    Defendant Farrish admits the allegations in Paragraph 76 of the Complaint.

## AS TO "PLAINTIFF IS KEPT ON DESPITE MASS LAYOFFS"

77.    Defendant Farrish denies the allegations in Paragraph 77 of the Complaint.

## AS TO "DEFENDANT DIRECTOR FARRISH GIVES PLAINTIFF A SHOCKINGLY FALSE AND POOR PERFORMANCE REVIEW"

78.    Defendant Farrish admits the allegations in Paragraph 78 of the Complaint.

79.    Defendant Farrish denies the allegations in Paragraph 79 of the Complaint.

80.    Defendant Farrish denies the allegations in Paragraph 80 of the Complaint.

81.     Defendant Farrish denies the allegations in Paragraph 81 of the Complaint.

82.     Defendant Farrish denies the allegations in Paragraph 82 of the Complaint.

83.     Defendant Farrish denies the allegations in Paragraph 83 of the Complaint.

84.     Defendant Farrish denies the allegations in Paragraph 84 of the Complaint.

85.     Defendant Farrish denies the allegations in Paragraph 85 of the Complaint.

86.     Defendant Farrish denies the allegations in Paragraph 86 of the Complaint.

87.     Defendant Farrish denies the allegations in Paragraph 87 of the Complaint.

88.     Defendant Farrish denies the allegations in Paragraph 88 of the Complaint.

89.     Defendant Farrish admits that Plaintiff purports she was "shocked," but denies any allegations of conduct attributable to Defendant Farrish in Paragraph 89 of the Complaint.

90.     Defendant Farrish denies the allegations in Paragraph 90 of the Complaint.

## AS TO "DEFENDANT DIRECTOR FARRISH'S DISCRIMINATORY TREATMENT EXACERBATES PLAINTIFF'S MENTAL HEALTH DISABILITY"

91.     Defendant Farrish admits that Plaintiff purports she was "humiliated, upset, and mentally exhausted," but denies any allegations of conduct attributable to Defendant Farrish in Paragraph 91 of the Complaint.

92.     Defendant Farrish denies the allegations in Paragraph 92 of the Complaint.

93.     Defendant Farrish denies the allegations in Paragraph 93 of the Complaint.

94.     Defendant Farrish denies the allegations in Paragraph 94 of the Complaint.

95.     Defendant Farrish denies the allegations in Paragraph 95 of the Complaint.

## AS TO "VP KUMAR IS POSITIVE AND ENCOURAGING ABOUT PLAINTIFF'S ROLE AT DEFENDANTS"

96.     Defendant Farrish denies the allegations in Paragraph 96 of the Complaint, except lacks knowledge or information sufficient to form a belief as to whether Mr. Kumar requested a meeting with Plaintiff.

97.     Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 of the Complaint.

98.     Defendant Farrish admits that Plaintiff purports she was "very confused," but denies any allegations of conduct attributable to Defendant Farrish in Paragraph 98 of the Complaint.

99.     Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99 of the Complaint.

100.     Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100 of the Complaint.

101.     Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101 of the Complaint.

102.     Defendant Farrish admits that Plaintiff purports she was "surprised and grateful," and "felt optimistic," but denies any allegations of conduct attributable to Defendant Farrish in Paragraph 102 of the Complaint.

## AS TO "VP KUMAR TURNS ON PLAINTIFF"

103.     Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103 of the Complaint.

104.     Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104 of the Complaint.

11

105.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105 of the Complaint.

106.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 106 of the Complaint.

107.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107 of the Complaint.

108.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108 of the Complaint.

109.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 109 of the Complaint, except denies that Defendant Farrish engaged in "sabotage and discrimination".

110.    Defendant Farrish admits Plaintiff purports that she was "shocked," but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 110 of the Complaint.

111.    Defendant Farrish denies the allegations in Paragraph 111 of the Complaint.

**AS TO "DEFENDANT DIRECTOR FARRISH GASLIGHTS PLAINTIFF YET AGAIN"**

112.    Defendant Farrish denies the allegations in Paragraph 112 of the Complaint.

113.    Defendant Farrish denies the allegations in Paragraph 113 of the Complaint.

114.    Defendant Farrish denies the allegations in Paragraph 114 of the Complaint.

**AS TO "DEFENDANTS DISMISS EMPLOYEES' CONCERNS OVER RACIAL DIVERSITY AND BLATANTLY REJECT THE NEED FOR WOMEN OF COLOR IN LEADERSHIP POSITIONS"**

115.    Defendant Farrish denies the allegations in Paragraph 115 of the Complaint.

12

116. Defendant Farrish denies that "Defendants held" the meeting, as alleged in Paragraph 115 of the Complaint, and as such denies the allegations in Paragraph 116 of the Complaint.

117. Defendant Farrish denies that "Defendants held" the meeting, as alleged in Paragraph 115 of the Complaint, and as such denies the allegations in Paragraph 117 of the Complaint.

118. Defendant Farrish denies that "Defendants held" the meeting, as alleged in Paragraph 115 of the Complaint, and as such denies the allegations in Paragraph 118 of the Complaint.

119. Defendant Farrish denies that "Defendants held" the meeting, as alleged in Paragraph 115 of the Complaint, and as such denies the allegations in Paragraph 119 of the Complaint.

120. Defendant Farrish denies that "Defendants held" the meeting, as alleged in Paragraph 115 of the Complaint, and as such denies the allegations in Paragraph 120 of the Complaint.

121. Defendant Farrish denies that "Defendants held" the meeting, as alleged in Paragraph 115 of the Complaint, and as such denies the allegations in Paragraph 121 of the Complaint.

**AS TO "PLAINTIFF'S CO-WORKER, ANOTHER WOMAN OF COLOR, TELLS PLAINTIFF THAT DEFENDANT DIRECTOR FARRISH TREATS HER DIFFERENTLY TOO BECAUSE OF HER RACE AND GENDER"**

122. Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 122 of the Complaint.

123. Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's purported conduct, but denies any allegations of conduct attributable to Defendant Farrish in Paragraph 123 of the Complaint.

124. Defendant Farrish denies the allegations in Paragraph 124 of the Complaint.

**AS TO "DEFENDANT DIRECTOR FARRISH AND VP KUMAR AGAIN FALSELY ACCUSE PLAINTIFF OF POOR PERFORMANCE AND PRESSURE HER TO LEAVE DEFENDANTS"**

125. Defendant Farrish denies the allegations in Paragraph 125 of the Complaint, except admits Defendant Farrish had a meeting with Plaintiff and Mr. Kumar on or around February 22, 2019, the date Plaintiff alleges to have had lunch with "Jane Doe."

126. Defendant Farrish denies the allegations in Paragraph 126 of the Complaint.

127. Defendant Farrish denies the allegations in Paragraph 127 of the Complaint.

128. Defendant Farrish denies the allegations in Paragraph 128 of the Complaint.

129. Defendant Farrish denies the allegations in Paragraph 129 of the Complaint.

**AS TO "PLAINTIFF IS TOLD THAT SHE NEEDS TO LEARN TO RESPECT HER WHITE SUPERVISOR"**

130. Defendant Farrish denies the allegations in Paragraph 130 of the Complaint.

131. Defendant Farrish admits that Plaintiff purports she was "shocked," but denies any allegations of conduct attributable to Defendant Farrish in Paragraph 131 of the Complaint.

132. Defendant Farrish admits that Plaintiff purports she was "shocked," but denies that Defendant Farrish made the statement alleged in Paragraph 132 of the Complaint and denies that "no one else at Defendants had complained about [Plaintiff's] performance."

133. Defendant Farrish admits that Plaintiff purports she was "baffled," and that Plaintiff purports she "had never heard of an employee at Defendants being put on a PIP and then

being told to design *their own* PIP," but denies the remaining allegations in Paragraph 133 of the Complaint.

134. Defendant Farrish denies the allegations in Paragraph 134 of the Complaint.

## AS TO "THE HOSTILE WORK ENVIRONMENT PERPETUATED BY DEFENDANT DIRECTOR FARRISH AGAINST PLAINTIFF IS DAMAGING TO HER MENTAL HEALTH"

135. Defendant Farrish denies the allegations in Paragraph 135 of the Complaint.

136. Defendant Farrish denies the allegations in Paragraph 136 of the Complaint.

137. Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 137 of the Complaint.

## AS TO "PLAINTIFF'S WHITE MALE CO-WORKER SUGGESTS PLAINTIFF IS A VICTIM OF DISCRIMINATION

138. Defendant Farrish denies the allegations in Paragraph 138 of the Complaint.

139. Defendant Farrish denies the allegations in Paragraph 139 of the Complaint.

140. Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 140 of the Complaint.

## AS TO "PLAINTIFF EXPERIENCES A SERIOUS MENTAL HEALTH EPISODE AND ASKS FOR A REASONABLE ACCOMMODATION FOR HER MENTAL DISABILITY"

141. Defendant Farrish lacks knowledge or information sufficient to form a belief as to whether Plaintiff "experienced an extremely serious mental health episode on or about February 24, 2019," but denies any allegations of conduct attributable to Defendant Farrish in Paragraph 141 of the Complaint.

142. Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 142 of the Complaint.

143.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 143 of the Complaint.

144.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 144 of the Complaint.

145.    Defendant Farrish respectfully refers the Court to the cited correspondence for its complete content and meaning, and on that basis denies the allegations in paragraph 145 of the Complaint.

146.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 146 of the Complaint.

147.    Defendant Farrish denies the allegations in Paragraph 147 of the Complaint.

## AS TO "DEFENDANTS SUSPEND PLAINTIFF'S WORK EMAIL AND MESSAGING ACCOUNT"

148.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 148 of the Complaint.

149.    Defendant Farrish admits that Plaintiff purports she was "utterly shocked," but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 149 of the Complaint.

150.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 150 of the Complaint.

## AS TO "PLAINTIFF REITERATES TO SVP HORNIG AND CMO DR. NORDEN THAT SHE HAS A MENTAL HEALTH DISABILITY AND NEEDS A REASONABLE ACCOMMODATION

151.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 151 of the Complaint.

152. Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 152 of the Complaint, but denies that any of the alleged conduct attributable to Defendant Farrish occurred.

153. Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 153 of the Complaint, but denies that any of the alleged conduct attributable to Defendant Farrish occurred.

154. Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 154 of the Complaint.

## AS TO "PLAINTIFF REQUESTS A LEAVE OF ABSENCE DUE TO HER DISABILITY"

155. Defendant Farrish denies the allegations in Paragraph 155 of the Complaint.

156. Paragraph 156 of the Complaint calls for a legal conclusion to which no response is required. To the extent Paragraph 156 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

157. Defendant Farrish denies the allegations in Paragraph 157 of the Complaint.

## AS TO "PLAINTIFF IS TERMINATED FROM DEFENDANTS"

158. Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 158 of the Complaint.

159. Defendant Farrish admits that Plaintiff purports she "immediately understood that she had been terminated for reasons directly related to her mental health disability," but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 159 of the Complaint.

160. Defendant Farrish denies that she participated in the decision to terminate Plaintiff, and otherwise denies the allegations in Paragraph 160 of the Complaint.

17

161.    Defendant Farrish denies the allegations in Paragraph 161 of the Complaint.

162.    Defendant Farrish denies the allegations in Paragraph 162 of the Complaint.

**AS TO "PLAINTIFF'S FORMER COLLEAGUES INFORM HER OF THE CONTINUOUS RAMPANTLY RACIST CULTURE AT DEFENDANTS"**

163.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's purported conversation with "Jane Doe," but denies any allegations of conduct attributable to Defendant Farrish in Paragraph 163 of the Complaint.

164.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 164 of the Complaint.

165.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 165 of the Complaint.

166.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 166 of the Complaint, except denies that Plaintiff was subjected to a racist hostile work environment.

167.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 167 of the Complaint.

168.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 168 of the Complaint, except denies that Defendant Farrish "had a history of targeting female employees of color" or otherwise engaged in any discriminatory or unlawful conduct.

169.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 169 of the Complaint.

170.    Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 170 of the Complaint.

171.    Defendant admits Plaintiff that purports she was "aghast" and "not surprised," but denies any allegations of conduct attributable to Defendant Farrish in Paragraph 171 of the Complaint.

## AS TO "DEFENDANTS RETALIATE AGAINST PLAINTIFF BY SENDING A CEASE AND DESIST LETTER"

172.    Defendant Farrish lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's "mental health issues," denies the remaining allegations in Paragraph 172 of the Complaint, and avers that on or around March 8, 2019, an Instagram account with the username "shiv-math1" which, upon information and belief, had "followed" employees of Defendant COTA, Inc., posted a photographic image that contained the following statements:  "Compete Intensely[.]  Lie Compulsively[.]  Need to Be the Center of Attention[.]  Blame Others for Their Actions[.]  Try to Use Others to Service Their Purpose[.]  Do Not Invest Emotionally in the Needs of Others[.]  "Freeze Out" People Who Do Not Do What They Want[.]  Try to Isolate People They Want to Control[.]"  The post had the following caption:  "#narcissist #kaeleigh"

## AS TO "PLAINTIFF INFORMS DEFENDANTS THAT SHE IS FILING AN EEOC CHARGE"

173.    Defendant Farrish denies the allegations in Paragraph 173 of the Complaint.

## AS TO "PLAINTIFF REPORTS THE DISCRIMINATION AND RETALIATION TO DEFENDANT INSPERITY"

174.    Defendant Farrish lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 174 of the Complaint, except denies that Defendant Farrish was a "racist manager" or that she "targeted and harassed" women of color.

19

175. Defendant Farrish lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 175 of the Complaint, but denies that any of the alleged conduct attributable to Defendant Farrish occurred.

176. Defendant Farrish lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 176 of the Complaint, but denies that any of the alleged conduct attributable to Defendant Farrish occurred.

177. Defendant Farrish lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 177 of the Complaint, but denies that any of the alleged conduct attributable to Defendant Farrish occurred.

178. Defendant Farrish denies the allegations in Paragraph 178 of the Complaint.

179. Defendant Farrish admits that Plaintiff purports she "was offended, disturbed, humiliated, and embarrassed," but denies any allegations of conduct attributable to Defendant Farrish occurred.

180. Defendant Farrish denies the allegations in Paragraph 180 of the Complaint.

181. Defendant Farrish denies the allegations in Paragraph 181 of the Complaint.

182. Defendant Farrish denies the allegations in Paragraph 182 of the Complaint.

183. Defendant Farrish denies the allegations in Paragraph 183 of the Complaint.

184. Defendant Farrish denies the allegations in Paragraph 184 of the Complaint.

185. Defendant Farrish denies the allegations in Paragraph 185 of the Complaint.

186. Defendant Farrish denies the allegations in Paragraph 186 of the Complaint.

187. Defendant Farrish denies the allegations in Paragraph 187 of the Complaint.

188. Defendant Farrish denies the allegations in Paragraph 188 of the Complaint.

189.    Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 189, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

## AS TO "AS A FIRST CAUSE OF ACTION DISCRIMINATION IN VIOLATION OF SECTION 1981 (AGAINST ALL DEFENDANTS)"

190.    Defendant Farrish repeats, reiterates and realleges each and every response in Paragraphs "1 through 189 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

191.    Paragraph 191 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 191 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein and respectfully refers the Court to the cited statute for its complete content and meaning.

192.    Paragraph 192 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 192 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein and denies that Plaintiff is entitled to any damages whatsoever.

193.    Paragraph 193 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 193 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

194.    Paragraph 194 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 194 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

195.    Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 195, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

196.    Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 196, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

### AS TO "AS A SECOND CAUSE OF ACTION RETALIATION IN VIOLATION OF SECTION 1981 (AGAINST ALL DEFENDANTS)"

197.    Defendant Farrish repeats, reiterates and realleges each and every response in Paragraphs 1 through 196 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

198.    Paragraph 198 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 198 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

199.    Paragraph 199 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 199 of the Complaint contains allegations of fact requiring a response, Defendant Farrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff is a "South Asian woman," and otherwise denies the allegations set forth therein.

200.    Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 200, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

22

201.	Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 201, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

**<u>AS TO "AS A THIRD CAUSE OF ACTION<br>DISCRIMINATION IN VIOLATION OF THE NYSHRL<br>(AGAINST ALL DEFENDANTS)"</u>**

202.	Defendant Farrish repeats, reiterates and realleges each and every response in Paragraphs 1 through 201 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

203.	Paragraph 203 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 203 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein and respectfully refers the Court to the cited statute for its complete content and meaning.

204.	Paragraph 204 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 204 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

205.	Paragraph 205 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 205 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

206.	Defendant Farrish denies the allegations in Paragraph 206 of the Complaint.

207.	Defendant Farrish denies the allegations in Paragraph 207 of the Complaint.

208.	Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 208, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

209.   Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 209, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

**AS TO "AS A FOURTH CAUSE OF ACTION
RETALIATION IN VIOLATION OF THE NYSHRL
(AGAINST ALL DEFENDANTS)"**

210.   Defendant Farrish repeats, reiterates and realleges each and every response in Paragraphs 1 through 209 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

211.   Paragraph 211 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 211 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein and respectfully refers the Court to the cited statute for its complete content and meaning.

212.   Paragraph 212 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 212 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

213.   Paragraph 213 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 213 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

214.   Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 214, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

215.    Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 215, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

## AS TO "AS A FIFTH CAUSE OF ACTION
## AIDER AND ABETTOR LIABILITY UNDER THE NYSHRL
## (AGAINST INDIVIDUAL DEFENDANT DIRECTOR FARRISH)"

216.    Defendant Farrish repeats, reiterates and realleges each and every response in Paragraphs 1 through 215 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

217.    Paragraph 217 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 217 of the Complaint contains any allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein and respectfully refers the Court to the cited statute for its complete content and meaning.

218.    Paragraph 218 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 218 of the Complaint contains any allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

219.    Paragraph 219 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 219 of the Complaint contains any allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

220.    Paragraph 220 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 220 of the Complaint contains any allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

221.    Defendant Farrish denies the allegations in Paragraph 221 of the Complaint.

222. Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 222, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

223. Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 223, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

224. Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 224, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

**AS TO "AS A SIXTH CAUSE OF ACTION
DISCRIMINATION IN VIOLATION OF THE NYCHRL"**

225. Defendant Farrish repeats, reiterates and realleges each and every response in Paragraphs 1 through 225 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

226. Paragraph 226 of the Complaint calls for a legal conclusion to which no response is required. To the extent Paragraph 226 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein and respectfully refers the Court to the cited statute for its complete content and meaning.

227. Paragraph 227 of the Complaint calls for a legal conclusion to which no response is required. To the extent Paragraph 227 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

228. Paragraph 228 of the Complaint calls for a legal conclusion to which no response is required. To the extent Paragraph 228 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

229.    Defendant Farrish denies the allegations in Paragraph 229 of the Complaint.

230.    Defendant Farrish denies the allegations in Paragraph 230 of the Complaint.

231.    Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 231, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

232.    Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 232, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

### AS TO "AS A SEVENTH CAUSE OF ACTION RETALIATION IN VIOLATION OF THE NYCHRL"

233.    Defendant Farrish repeats, reiterates and realleges each and every response in Paragraphs 1 through 232 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

234.    Paragraph 234 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 234 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein and respectfully refers the Court to the cited statute for its complete content and meaning.

235.    Paragraph 235 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 235 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

236.    Paragraph 236 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 236 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

237.    Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 237, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

238.    Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 238, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

**AS TO "AS AN EIGHTH CAUSE OF ACTION
AIDER AND ABETTOR LIABILITY UNDER THE NYCHRL
(AGAINST INDIVIDUAL DEFENDANT DIRECTOR FARRISH)"**

239.    Defendant Farrish repeats, reiterates and realleges each and every response in Paragraphs 1 through 238 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

240.    Paragraph 240 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 240 of the Complaint contains any allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein and respectfully refers the Court to the cited statute for its complete content and meaning.

241.    Paragraph 241 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 241 of the Complaint contains any allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

242.    Paragraph 242 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 242 of the Complaint contains any allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

243. Paragraph 243 of the Complaint calls for a legal conclusion to which no response is required. To the extent Paragraph 243 of the Complaint contains any allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

244. Defendant Farrish denies the allegations in Paragraph 244 of the Complaint.

245. Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 245, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

246. Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 246, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

247. Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 247, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

**AS TO "AS A NINTH CAUSE OF ACTION
UNEQUAL PAY IN VIOLATION THE NEW YORK STATE EQUAL PAY ACT
(AGAINST ALL DEFENDANTS)"**

248. Defendant Farrish repeats, reiterates and realleges each and every response in Paragraphs 1 through 247 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

249. Paragraph 249 of the Complaint calls for a legal conclusion to which no response is required. To the extent Paragraph 249 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein and respectfully refers the Court to the cited statute for its complete content and meaning.

250.    Paragraph 250 of the Complaint calls for a legal conclusion to which no response is required.  To the extent Paragraph 250 of the Complaint contains allegations of fact requiring a response, Defendant Farrish denies the allegations set forth therein.

251.    Defendant Farrish admits Plaintiff purports to seek damages as alleged in Paragraph 251, but denies any and all factual allegations contained therein and denies that Plaintiff is entitled to any damages whatsoever.

## AS TO "PRAYER FOR RELIEF"

Defendant Farrish denies the allegations contained in Plaintiff's "PRAYER FOR RELIEF" and "WHEREFORE" clause and subsections (i) through (iii) thereto.

## ADDITIONAL AVERMENTS

Defendant Farrish denies all claims and allegations not unequivocally admitted herein.

## STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Without assuming any burden of production or proof as to any of the following defenses where the law does not impose such burden on Defendant Farrish, Defendant Farrish asserts the following defenses to Plaintiff's claims:

## AS AND FOR A FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

## AS AND FOR A THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff failed to exhaust applicable statutory or, administrative procedures and/or remedies, or otherwise failed to properly perfect a right of action against Defendant Farrish.

## AS AND FOR A FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff elected her remedies by filing, as she once had claimed, an administrative complaint with the New York City Commission on Human Rights.

## AS AND FOR A FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the equitable doctrines of waiver, estoppel, and/or unclean hands.

## AS AND FOR A SIXTH DEFENSE

To the extent Plaintiff seeks equitable relief, she is not entitled to any insofar as she has an adequate remedy at law.  Plaintiff is not entitled to a trial by jury as to any issue of law or fact relating to alleged entitlement to any form of equitable relief.

## AS AND FOR A SEVENTH DEFENSE

Even if Plaintiff was subjected to harassing conduct, which Defendant Farrish expressly denies, such conduct did not rise above the level of what a reasonable victim of discrimination with the same protected characteristic or characteristics would consider petty slights or trivial inconveniences.

## AS AND FOR AN EIGHTH DEFENSE

Any and all actions taken by Defendant Farrish with respect to Plaintiff were based on legitimate, good faith, non-discriminatory business reasons, unrelated to any protected characteristic of Plaintiff.

## AS AND FOR A NINTH DEFENSE

Some or all of Plaintiff's alleged injuries are due, in whole or in part, to her own actions and, as such, she cannot recover, *inter alia*, allegedly lost benefits, wages or other relief on her discrimination and retaliation claims.

## AS AND FOR A TENTH DEFENSE

Plaintiff's individual claims are barred and/or any recovery of damages are precluded, in whole or in part, because Defendant COTA exercised reasonable care to prevent and promptly correct any alleged harassing behavior.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because she has not appropriately or adequately mitigated her alleged damages or otherwise avoided harm.

## AS AND FOR A TWELTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the exclusivity of remedies under the New York Workers' Compensation law.

## AS AND FOR A THIRTEENTH DEFENSE

To the extent Plaintiff is claiming punitive damages, Plaintiff is not entitled to recover any punitive damages against Defendant Farrish because, *inter alia*, Defendant Farrish acted in good faith and did not commit, ratify, authorize or acquiesce in any malicious, willful or reckless acts or omissions.

### AS AND FOR A FOURTEENTH DEFENSE

Any and all actions taken by Defendant Farrish affecting Plaintiff were taken for reasons other than Plaintiff's purported disability, race, color, or any other reason protected by law.

### AS AND FOR A FIFTEENTH DEFENSE

Plaintiff's claims should be dismissed to the extent she did not have a covered disability within the meaning of the NYCHRL or NYSHRL and to the extent Defendant Farrish did not perceive Plaintiff to have a disability within the meaning of the NYCHRL or NYSHRL.

### AS AND FOR A SIXTEENTH DEFENSE

Plaintiff's recovery of front or back pay or any other recovery should be diminished fully by any period of Plaintiff's inability or unavailability to work due to her alleged disability or other reasons, or to the extent that Plaintiff engaged in conduct that, had it been discovered prior to her termination, would have resulted in her employment being terminated.

### AS AND FOR A SEVENTEENTH DEFENSE

Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in the Complaint and any damages which she allegedly suffered.

### AS AND FOR AN EIGHTEENTH DEFENSE

Plaintiff's claims for unlawful harassment are barred and/or recovery is precluded because Plaintiff participated in, consented to and/or welcomed any alleged harassment.

### AS AND FOR A NINETEENTH DEFENSE

Plaintiff cannot state a claim against Defendant Farrish, as Defendant Farrish was not Plaintiff's employer.

## AS AND FOR A TWENTIETH DEFENSE

The aiding and abetting claims must be dismissed, as Plaintiff cannot establish that any Defendant subjected her to unlawful treatment.

## AS AND FOR A TWENTY-FIRST DEFENSE

Plaintiff's retaliation claims must be dismissed to the extent she alleges she was retaliated against "because of her requests for reasonable accommodations for her mental health disability," as at all times during Plaintiff's employment, requesting an accommodation was not a protected activity under the NYSHRL or NYCHRL. *See Witchard v Montefiore Med. Ctr.*, 103 A.D.3d 596, 596 (1st Dep't 2013); *see also McKenzie v. Meridian Capital Grp., LLC,* 35 A.D.3d 676, 677 (2d Dep't 2006).

## RESERVATION OF RIGHTS

In addition to the foregoing defenses, Defendant Farrish retains the right to amend its Answer and Defenses, to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff, as those claims become known during litigation.

**WHEREFORE**, Defendant Farrish respectfully requests that the Court:

(a) Dismiss the Complaint in its entirety, with prejudice;

(b) Deny each and every demand and prayer for relief in the Complaint;

(c) Award Defendant Farrish reasonable attorneys' fees and costs incurred in defending against this action; and

(d) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
58 South Service Road, Ste. 250
Melville, New York 11747
(631) 247-0404

Dated:  June 13, 2022                    By:    s/ *Kathryn J. Barry*
                                                KATHRYN J. BARRY

                                                *ATTORNEYS FOR DEFENDANT FARRISH*

4884-5192-2980, v. 1

35