Meredith Cavallaro
Courtney Fain
Kerry A. Burns
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, 9th Floor
New York, New York 10020
Attorneys for Defendant
Insperity PEO Services, L.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MEERA PATEL,                                    :

                    Plaintiff,                  :
                                                         1:22-cv-03840-LGS
          v.                                    :

COTA INC., INSPERITY PEO SERVICES, L.P., and    :
KAELEIGH FARRISH,
                                                :
                    Defendant.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT INSPERITY PEO SERVICES, L.P.'S ANSWER TO THE COMPLAINT

          Defendant Insperity PEO Services, L.P. ("Insperity"), by its undersigned

attorneys, answers the Complaint ("Complaint") filed by Plaintiff Meera Patel

("Plaintiff") as follows:[1]

---

[1] This Answer only responds to the Complaint's allegations against Insperity. Unless otherwise noted, Insperity denies having knowledge or information sufficient to form a belief as to the accuracy of any allegation relating to any other party, person or entity. No statement herein constitutes a comment on or acceptance of the legal theories on which Plaintiff purports to proceed, and to the extent the Complaint asserts legal conclusions, argument, or contentions, Insperity is not required to respond to them, and this Answer contains no response to them.

## PRELIMINARY STATEMENT[2]

1.      Denies the allegations set forth in Paragraph 1 of the Complaint, except avers that Plaintiff purports to proceed as set forth therein.

2.      Denies the allegations set forth in Paragraph 2 of the Complaint, except avers that Plaintiff purports to proceed as set forth therein.

## JURY DEMAND

3.      Avers that Plaintiff purports to seek a jury trial.

## JURISDICTION AND VENUE

4.      Avers that Paragraph 4 of the Complaint contains legal conclusions as to which no response is required, except admits that Defendants COTA, INC. ("COTA") and Kaeleigh Farrish ("Farrish" and, with COTA, the "COTA Defendants") removed this case to federal court on May 11, 2022, and Insperity consented to such removal.

5.      Denies that Plaintiff was employed by Insperity and further avers that Paragraph 5 of the Complaint contains legal conclusions as to which no response is required.

## THE PARTIES

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

---

[2] References herein to the heading points contained in the Complaint are for reference only and shall not be deemed an admission of any fact or conclusion of law by Insperity.

7.      Avers that Paragraph 7 of the Complaint contains legal conclusions as to which no response is required and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8.      Avers that Paragraph 8 of the Complaint contains legal conclusions as to which no response is required and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.      Denies that Plaintiff was employed by Insperity and further avers that Paragraph 9 of the Complaint contains legal conclusions as to which no response is required.

10.     Admits the allegations contained in Paragraph 10 of the Complaint.

11.     Admits the allegations contained in Paragraph 11 of the Complaint.

12.     Admits the allegations contained in Paragraph 12 of the Complaint.

13.     Denies the allegations contained in Paragraph 13 of the Complaint.

14.     Denies the allegations contained in Paragraph 14 of the Complaint, except admits that Insperity provides off-site human resources and business solutions to COTA, and further avers that Paragraph 14 contains legal conclusions and argument as to which no response is required.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.    Denies the allegations contained in Paragraph 18 of the Complaint, and further avers that Paragraph 18 of the Complaint contains legal conclusions as to which no response is required.

19.    Denies the allegations contained in Paragraph 18 of the Complaint, and further avers that Paragraph 19 of the Complaint contains legal conclusions as to which no response is required.

## FACTUAL ALLEGATIONS

### Plaintiff Is Diagnosed with a Mental Health Disorder

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23.    Avers that Paragraph 23 of the Complaint contains legal conclusions as to which no response is required.

## Plaintiff Interviews and Begins Her Employment at Defendants

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26.     Denies that Insperity provides cancer care data to pharmaceutical companies and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28.     Denies that Plaintiff informed Insperity of a competing employment offer and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34.    Admits that Plaintiff began working for COTA on or around July 23, 2018 and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35.    Denies the allegations contained in Paragraph 35 of the Complaint.

36.    Denies the allegations contained in Paragraph 36 of the Complaint.

**Plaintiff Recognizes a Lack of Quality in the Pharma Information Sold by Defendants**

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint.

**Plaintiff is Underutilized and Assigned Mundane Administrative Tasks**

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint.

42.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint.

43.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

44.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint.

## Defendant Director Farrish Provides a Startling Lack of Leadership to Plaintiff While Supporting the Male Data Analysts

45.   Denies that Plaintiff was employed by Insperity and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint.

46.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint.

47.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint.

48.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint.

## Defendant Director Farrish Picks on Plaintiff and Singles her out with Microaggressions

49.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint.

50.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint.

51.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint.

**Plaintiff is Encouraged to Fulfill Her Role as a Doctor and Analytics Expert**

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint.

### Defendant Director Farrish Continues to Treat Plaintiff Differently

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Complaint.

### Defendant Director Farrish Blocks Plaintiff from Obtaining PTO but Approves her Male Peers' PTO Requests

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint.

72.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Complaint.

## Plaintiff Fills Out Her Self-Evaluation

73.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint.

74.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint.

75.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint.

76.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint.

## Plaintiff is Kept on Despite Mass Layoffs

77.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint.

## Defendant Director Farrish Gives Plaintiff a Shockingly False and Poor Performance Review

78.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint.

79.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint.

80.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint.

81.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint.

82.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Complaint.

83.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Complaint.

84.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Complaint.

85.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint.

86.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Complaint.

87.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the Complaint.

88.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Complaint.

89.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Complaint.

90.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of the Complaint.

**Defendant Director Farrish's Discriminatory Treatment**
**Exacerbates Plaintiff's Mental Health Disability**

91.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Complaint.

92.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Complaint.

93.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Complaint.

94.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Complaint.

95.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 of the Complaint.

**VP Kumar is Positive and Encouraging About Plaintiff's Role at Defendants**

96.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Complaint.

97.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Complaint.

98.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Complaint.

99.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Complaint.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Complaint.

101.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the Complaint.

102.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the Complaint.

### VP Kumar Turns on Plaintiff

103.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 of the Complaint.

104.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 of the Complaint.

105.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Complaint.

106.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of the Complaint.

107.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the Complaint.

108.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the Complaint.

109.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 of the Complaint.

110.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 of the Complaint.

111.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of the Complaint.

### Defendant Director Farrish Gaslights Plaintiff Yet Again

112.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112 of the Complaint.

113.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113 of the Complaint.

114.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114 of the Complaint.

### Defendants Dismiss Employees' Concerns Over Racial Diversity and Blatantly Reject the Need for Women of Color in Leadership Positions

115.   Denies that Insperity held a meeting regarding reviews and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 115 of the Complaint.

116.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 116 of the Complaint.

117.   Denies that Elizabeth Rushforth is the Chief Legal Officer of Insperity and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 117 of the Complaint.

118.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 118 of the Complaint.

119.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 119 of the Complaint.

120.   Denies that Plaintiff was employed by Insperity and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 120 of the Complaint.

121.   Denies that Elizabeth Rushforth was employed by, or in any leadership position, at Insperity and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121 of the Complaint.

**Plaintiff's Co-worker, Another Woman of Color, Tells Plaintiff That Defendant Director Farrish Treats Her Differently Too Because Of Her Race and Gender**

122.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122 of the Complaint.

123.   Denies that Plaintiff's colleague was employed by Insperity and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123 of the Complaint.

124.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 of the Complaint.

**Defendant Director Farrish and VP Kumar Again Falsely Accuse Plaintiff of Poor Performance and Pressure Her to Leave Defendants**

125.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of the Complaint.

126.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 126 of the Complaint.

127.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 127 of the Complaint.

128.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 128 of the Complaint.

129.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 129 of the Complaint.

### Plaintiff is Told that she Needs to Learn to Respect her White Supervisor

130.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 130 of the Complaint.

131.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131 of the Complaint.

132.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132 of the Complaint.

133.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 133 of the Complaint.

134.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134 of the Complaint.

### The Hostile Work Environment Perpetuated by Defendant Director Farrish Against Plaintiff is Damaging to Her Mental Health

135.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135 of the Complaint.

136.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 136 of the Complaint.

137.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 137 of the Complaint.

**Plaintiff's White Male Co-Worker Suggests Plaintiff is a Victim of Discrimination**

138.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 138 of the Complaint.

139.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 139 of the Complaint.

140.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 140 of the Complaint.

**Plaintiff Experiences a Serious Mental Health Episode and Asks for a Reasonable Accommodation for Her Mental Disability**

141.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 141 of the Complaint.

142.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 142 of the Complaint.

143.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 143 of the Complaint.

144.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 144 of the Complaint.

145.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 145 of the Complaint.

146.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 146 of the Complaint.

147.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 147 of the Complaint.

### Defendants Suspends Plaintiff's Work Email and Messaging Accounts

148.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 148 of the Complaint.

149.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149 of the Complaint.

150.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 150 of the Complaint.

### Plaintiff Reiterates to SVP Hornig and CMO Dr. Norden That She Has a Mental Health Disability and Needs a Reasonable Accommodation

151.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 151 of the Complaint.

152.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 152 of the Complaint.

153.   Denies that Plaintiff was employed by Insperity and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 153 of the Complaint.

154.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 154 of the Complaint.

### Plaintiff Requests a Leave of Absence Due to Her Disability

155.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 155 of the Complaint.

156.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 156 of the Complaint.

157.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 157 of the Complaint.

### Plaintiff is Terminated from Defendants

158.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 158 of the Complaint.

159.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 159 of the Complaint.

160.   Denies the allegations contained in Paragraph 160 of the Complaint.

161.   Denies the allegations contained in Paragraph 161 of the Complaint.

162.   Denies the allegations contained in Paragraph 162 of the Complaint.

### Plaintiff's Former Colleagues Inform Her of The Continuous Rampantly Racist Culture at Defendants

163.   Denies that Plaintiff's former colleague was employed by Insperity and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 163 of the Complaint.

164.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 164 of the Complaint.

165.   Denies that Steve Spearman was employed by Insperity and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 165 of the Complaint.

166.   Denies that Plaintiff was employed by Insperity and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 166 of the Complaint.

167.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 167 of the Complaint.

168.   Denies that Ray Cloutier was employed by Insperity and further denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 168 of the Complaint.

169.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 169 of the Complaint.

170.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 170 of the Complaint.

171.   Denies the allegations contained in Paragraph 171 of the Complaint.

**Defendants Retaliate Against Plaintiff by Sending a Cease and Desist Letter**

172.   Denies the allegations contained in Paragraph 172 of the Complaint.

**Plaintiff Informs Defendants That She is Filing an EEOC Charge**

173.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 173 of the Complaint.

**Plaintiff Reports the Discrimination and Retaliation to Defendant INSPERITY**

174.   Denies the allegations contained in Paragraph 174 of the Complaint, except admits that Plaintiff sent an email to Tina Gurski at Insperity on April 4, 2019 and respectfully refers the Court to the document referenced therein for the contents.

175.   Denies the allegations contained in Paragraph 175 of the Complaint, except admits that Plaintiff sent an email to Tina Gurski at Insperity on April 4, 2019 and respectfully refers the Court to the document referenced therein for the contents.

176.   Denies the allegations contained in Paragraph 176 of the Complaint.

177.   Denies the allegations contained in Paragraph 177 of the Complaint, except admits that Insperity conducted an investigation into Plaintiff's allegations following Plaintiff's email to Tina Gurski at Insperity on April 4, 2019.

178.   Denies the allegations contained in Paragraph 178 of the Complaint.

179.   Denies the allegations contained in Paragraph 179 of the Complaint, except denies knowledge or information sufficient to form a belief as to Plaintiff's feelings.

180.   Denies the allegations contained in Paragraph 180 of the Complaint.

181.   Denies the allegations contained in Paragraph 181 of the Complaint.

182.   Denies the allegations contained in Paragraph 182 of the Complaint.

183.   Denies the allegations contained in Paragraph 183 of the Complaint.

184.   Denies the allegations contained in Paragraph 184 of the Complaint.

185.   Denies the allegations contained in Paragraph 185 of the Complaint.

186.   Denies the allegations contained in Paragraph 186 of the Complaint.

187.   Denies the allegations contained in Paragraph 187 of the Complaint.

188.   Denies the allegations contained in Paragraph 188 of the Complaint.

189.   Denies the allegations set forth in Paragraph 189 of the Complaint, except avers that Plaintiff purports to proceed as set forth therein.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF SECTION 1981
### (Against All Defendants)

190.   Answering Paragraph 190 of the Complaint, repeats and realleges the foregoing responses to Paragraphs 1 to 189 as if fully set forth herein.

191.   Avers that Paragraph 191 of the Complaint contains a statement of law as to which no response is required.

192.   Denies the allegations contained in Paragraph 192 of the Complaint.

193.   Denies the allegations contained in Paragraph 193 of the Complaint.

194.   Denies the allegations contained in Paragraph 194 of the Complaint.

195.   Denies the allegations contained in Paragraph 195 of the Complaint.

196.   Denies the allegations contained in Paragraph 196 of the Complaint.

## AS A SECOND CAUSE OF ACTION
## RETALIATION IN VIOLATION OF SECTION 1981
### (Against All Defendants)

197.   Answering Paragraph 197 of the Complaint, repeats and realleges the foregoing responses to Paragraphs 1 to 196 as if fully set forth herein.

198.   Denies the allegations contained in Paragraph 198 of the Complaint.

199.   Denies the allegations contained in Paragraph 199 of the Complaint.

200.   Denies the allegations contained in Paragraph 200 of the Complaint.

201.   Denies the allegations contained in Paragraph 201 of the Complaint.

## AS A THIRD CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF THE NYSHRL
### (Against All Defendants)

202.   Answering Paragraph 202 of the Complaint, repeats and realleges the foregoing responses to Paragraphs 1 to 201 as if fully set forth herein.

203.   Avers that Paragraph 203 of the Complaint contains a statement of law as to which no response is required.

204.   Denies the allegations contained in Paragraph 204 of the Complaint.

205.   Denies the allegations contained in Paragraph 205 of the Complaint.

206.   Denies the allegations contained in Paragraph 206 of the Complaint.

207.   Denies the allegations contained in Paragraph 207 of the Complaint.

208.   Denies the allegations contained in Paragraph 208 of the Complaint.

209.   Denies the allegations contained in Paragraph 209 of the Complaint.

## AS A FOURTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE NYSHRL
### (Against All Defendants)

210.   Answering Paragraph 210 of the Complaint, repeats and realleges the foregoing responses to Paragraphs 1 to 209 as if fully set forth herein.

211.   Avers that Paragraph 211 of the Complaint contains a statement of law as to which no response is required.

212.   Denies the allegations contained in Paragraph 212 of the Complaint.

213.   Denies the allegations contained in Paragraph 213 of the Complaint.

214.   Denies the allegations contained in Paragraph 214 of the Complaint.

215.   Denies the allegations contained in Paragraph 215 of the Complaint.

## AS A FIFTH CAUSE OF ACTION
### AIDER AND ABETTOR LIABILITY UNDER THE NYSHRL
### (Against Individual Defendant Director Farrish)

216.   Answering Paragraph 216 of the Complaint, repeats and realleges the foregoing responses to Paragraphs 1 to 215 as if fully set forth herein.

217.   Avers that Paragraph 217 of the Complaint contains a statement of law as to which no response is required.

218.   Avers that Paragraph 218 of the Complaint contains no allegations against Insperity and therefore no response is required from Insperity.

219.   Avers that Paragraph 219 of the Complaint contains no allegations against Insperity and therefore no response is required from Insperity.

220.   Avers that Paragraph 220 of the Complaint contains no allegations against Insperity and therefore no response is required from Insperity.

221.   Avers that Paragraph 221 of the Complaint contains no allegations against Insperity and therefore no response is required from Insperity.

222.   Avers that Paragraph 222 of the Complaint contains no allegations against Insperity and therefore no response is required from Insperity.

223.   Denies the allegations set forth in Paragraph 223 of the Complaint.

224.   Denies the allegations contained in Paragraph 224 of the Complaint.

## AS A SIXTH CAUSE OF ACTION
### DISCRIMINATION IN VIOLATION OF THE NYCHRL

225.   Answering Paragraph 225 of the Complaint, repeats and realleges the foregoing responses to Paragraphs 1 to 224 as if fully set forth herein.

226.   Avers that Paragraph 226 of the Complaint contains a statement of law as to which no response is required.

227.   Denies the allegations set forth in Paragraph 227 of the Complaint.

228.   Denies the allegations set forth in Paragraph 228 of the Complaint.

229.   Denies the allegations set forth in Paragraph 229 of the Complaint.

230.   Denies the allegations set forth in Paragraph 230 of the Complaint.

231.   Denies the allegations set forth in Paragraph 231 of the Complaint.

232.   Denies the allegations set forth in Paragraph 232 of the Complaint.

## AS A SEVENTH CAUSE OF ACTION
### RETALIATION UNDER THE NYCHRL

233.   Answering Paragraph 233 of the Complaint, repeats and realleges the foregoing responses to Paragraphs 1 to 232 as if fully set forth herein.

234.   Avers that Paragraph 234 of the Complaint contains a statement of law as to which no response is required.

235.   Denies the allegations set forth in Paragraph 235 of the Complaint.

236.   Denies the allegations set forth in Paragraph 236 of the Complaint.

237.   Denies the allegations set forth in Paragraph 237 of the Complaint.

238.   Denies the allegations set forth in Paragraph 238 of the Complaint.

## AS AN EIGHTH CAUSE OF ACTION
### AIDER AND ABETTOR LIABILITY UNDER THE NYCHRL
#### (Against Individual Defendant Director Farrish)

239.   Answering Paragraph 239 of the Complaint, repeats and realleges the foregoing responses to Paragraphs 1 to 238 as if fully set forth herein.

240.   Avers that Paragraph 240 of the Complaint contains a statement of law as to which no response is required.

241.   Avers that Paragraph 241 of the Complaint contains no allegations against Insperity and therefore no response is required from Insperity.

242.   Avers that Paragraph 242 of the Complaint contains no allegations against Insperity and therefore no response is required from Insperity.

243.   Avers that Paragraph 243 of the Complaint contains no allegations against Insperity and therefore no response is required from Insperity.

244.   Avers that Paragraph 244 of the Complaint contains no allegations against Insperity and therefore no response is required from Insperity.

245.   Avers that Paragraph 245 of the Complaint contains no allegations against Insperity and therefore no response is required from Insperity.

246.   Denies the allegations contained in Paragraph 246 of the Complaint.

247.   Denies the allegations contained in Paragraph 247 of the Complaint.

## AS A NINTH CAUSE OF ACTION
**UNEQUAL PAY IN VIOLATION THE NEW YORK STATE EQUAL PAY ACT**
**(Against All Defendants)**

248.   Answering Paragraph 248 of the Complaint, repeats and realleges the foregoing responses to Paragraphs 1 to 247 as if fully set forth herein

249.   Avers that Paragraph 249 of the Complaint contains legal conclusions as to which no response is required.

250.   Denies the allegations contained in Paragraph 250 of the Complaint.

251.   Denies the allegations contained in Paragraph 251 of the Complaint.

## PRAYER FOR RELIEF

Insperity denies that Plaintiff is entitled to any of the relief she seeks in the Complaint, including Plaintiff's demand for judgment and subparts (i) through (iii) thereof.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     The Complaint is barred in whole or in part because any and all losses sustained were due to the actions, omissions or negligence of Plaintiff.

3.     Recovery is barred in whole or in part because the damages Plaintiff seeks are necessarily speculative and not recoverable under the law.

4.     The Complaint is barred in whole or in part because Insperity did not discriminate, aid and abet, interfere, or retaliate against Plaintiff on the basis of any protected characteristic.

5.     Recovery is barred in whole or in part because every action, if any, taken by Insperity with respect to Plaintiff was based solely on legitimate, good-faith, non-retaliatory, non-discriminatory, non-interfering business reasons, which were neither arbitrary, nor capricious, nor unlawful.

6.     Recovery is barred in whole or in part because Insperity did not make any decisions relating to Plaintiff's compensation.

7.     Recovery is barred in whole or in part because Insperity is not Plaintiff's "employer" under Section 1981, the NYSHRL, the NYCHRL or the NYS Equal Pay Act.

8.     Recovery is barred in whole or in part because Insperity did not make the decision to terminate Plaintiff's employment.

9.     Recovery is barred in whole or in part because Plaintiff never disclosed her alleged or perceived disability to Insperity prior to the termination of her employment.

10.    Recovery is barred in whole or in part because there is no causal connection between any protected activity by Plaintiff and any adverse action by Insperity.

11.    Recovery is barred, in whole or in part, because Plaintiff has sustained no injury arising from the conduct alleged.

12.    Recovery is barred, in whole or in part, because Plaintiff has failed to mitigate any damages she may have suffered.

13.    Recovery is barred in whole or in part because Plaintiff has assumed the risk of any damages.

14.    The Complaint is barred, in whole or in part, to the extent Plaintiff is guilty of bad faith and/or unclean hands.

15.    The Complaint is barred, in whole or in part, based on the doctrines of waiver, estoppel, and laches.

16.    Insperity reserves the right to assert additional affirmative defenses as Plaintiff's claims are clarified during the course of litigation.

WHEREFORE, Insperity respectfully demands judgment denying the relief sought by Plaintiff in the Complaint, reimbursement for the costs and disbursements of this action, including its attorneys' fees, and for such other and further relief as this Court deems just and equitable.

Dated:  New York, New York          PADUANO & WEINTRAUB LLP
         June 13, 2022

                                     By:  /s/ Kerry A. Burns
                                          Meredith Cavallaro
                                          Courtney Fain
                                          Kerry A. Burns
                                     1251 Avenue of the Americas, 9th Floor
                                     New York, New York 10020
                                     (212) 785-9100 (telephone)
                                     (212) 785-9099 (facsimile)
                                     mc@pwlawyers.com
                                     cf@pwlawyers.com
                                     kab@pwlawyers.com

                                     *Attorneys for Defendant*
                                     *Insperity PEO Services, L.P.*