# JacksonLewis

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville NY  11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

DIRECT DIAL:  (631) 247-4612
EMAIL ADDRESS: KATHRYN.BARRY@JACKSONLEWIS.COM

June 30, 2022

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY  10007

Re:    Meera Patel v. Cota, Inc., et al.
            Case No. 22-cv-03840

Dear Judge Schofield:

We represent COTA Inc. ("COTA") and Kaeleigh Farrish ("Farrish") in the above-referenced action.  Pursuant to Your Honor's June 29, 2022 Order, we submit this letter jointly with counsel for Plaintiff and counsel for Insperity PEO Services, L.P. ("Insperity"), in advance of the Initial Conference presently scheduled for July 13, 2022.  The parties filed their joint proposed Civil Case Management Plan yesterday (ECF Doc. 19).

1. **A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion**.

Plaintiff's Position:   This is an employment discrimination action alleging racial discrimination under Section 1981 of the Civil Rights Act of 1866, and claims under New York statutory law for racial, gender, and disability discrimination, hostile work environment, retaliation, and equal pay violations.  The claims are brought against two joint employers and an individual executive.

COTA's Position:  Plaintiff was employed by COTA as a Data Analyst from July 23, 2018 through her termination on February 28, 2019.  COTA terminated Plaintiff for legitimate, non-discriminatory and non-retaliatory business reasons; namely, her documented and well-established harassment of other COTA employees.

Prior to the days leading up to her discharge, Plaintiff had never complained of harassment or mistreatment by Defendant Farrish or anyone else at COTA.  Plaintiff, however, received a negative performance evaluation on or around February 6, 2019, and was notified that she would be placed on a performance improvement plan shortly thereafter.  While Plaintiff now claims these actions were discriminatory, we note that

Hon. Lorna G. Schofield
United States District Judge
June 30, 2022
Page 2

she had acknowledged, in writing, that her performance had not been "stellar."  Shortly after learning of the issues with her performance, Plaintiff emailed COTA's Senior Vice President, stating she had a "mental health disorder caused by a serious trauma."  She requested a three (3) day leave of absence and a transfer to a new supervisor, stating that her current supervisor—Farrish—"reminds [Plaintiff] of [her] attacker and it triggers [her]."  COTA granted the request for leave.  Later that day (February 25, 2019), a COTA employee complained that Plaintiff had made inappropriate remarks about him on a Company Slack channel.[1] Upon review, COTA discovered that Plaintiff had, earlier that morning—despite claiming she could not work—told her coworker that "this most recent list of variables don't even make sense. it [sic] pretty much disproves your theory that knowledge transfer occurs by rubbing genitals with someone enrolled in an MD PhD program but summarizing all the work i [sic] did on the previous deliverable and teaching it back to me is pretty impressively inane."  When her coworker replied asking to discuss the issue in person, Plaintiff replied "what a fucking joke you don't understand the disconnect because you don't know what you're talking about 90% of the time …."  COTA discovered Plaintiff had made other, similarly disparaging remarks about this coworker in the past.  Shortly thereafter, Plaintiff sent an email to several COTA executives in which she inappropriately diagnosed Farrish with narcissistic personality disorder, despite not being a licensed psychiatrist and not treating Farrish.  While employees are, of course, permitted to raise concerns about a supervisor's management style, it was inappropriate and unprofessional for Plaintiff to diagnose her supervisor as having a mental disorder.  When COTA attempted to speak with Plaintiff about these issues, Plaintiff sent a text message in which she referred to Defendant Farrish as a "Stepford wife" and stated she did not want "any of that MBA douchebaggery."[2] Ultimately, COTA terminated Plaintiff's employment for her unjustifiable and unwarranted workplace communications, and in particular her harassing and disparaging comments about her coworkers.  Its decision was in no way related to Plaintiff's race, gender, or purported disability.  Given this conduct, Plaintiff will not be able to succeed on her claims, and COTA intends to move for summary judgment.

As to Plaintiff's equal pay claims, Plaintiff has not identified any male comparator who received greater pay.  None exist.  COTA will likewise move for summary judgment on these claims.

Farrish:  Farrish denies that she was Plaintiff's employer, and further denies that she engaged in any of the alleged harassing or discriminatory conduct.  Farrish did not participate in the decision to terminate Plaintiff's employment, nor did she determine Plaintiff's compensation.  Farrish will move for summary judgment on these grounds.

Insperity:  Insperity is a Professional Employer Organization that provides off-site human resources and business solutions to small and medium-sized businesses, including COTA.  Insperity was not Plaintiff's employer, but by virtue of COTA's relationship with Insperity, Plaintiff became co-employed by Insperity and COTA when she was hired by COTA.  COTA was Plaintiff's day-to-day employer and Insperity did not make any

---

[1] Slack is an internal instant messaging system.
[2] Plaintiff continued to make disparaging remarks about Farrish after her discharge, including, upon information and belief, by "tweeting" at Farrish's new employer in an effort to interfere with Farrish's employment.

decisions with regard to Plaintiff's daily work assignments, promotions, salary, hiring, or termination. Insperity was not involved in the decision to terminate Plaintiff's employment and was not informed of Plaintiff's alleged request for an accommodation or COTA's decision to terminate Plaintiff until after the termination took place. Insperity intends to move for summary judgment on these bases.

2. **A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes**.

The Court has original jurisdiction pursuant to 42 U.S.C. § 1981 based on Plaintiff's cause of action pursuant to 42 U.S.C. § 1981. The Court has supplemental jurisdiction over Plaintiff's state and local claims per 28 U.S.C. § 1367. Venue is appropriate in this district because the events giving rise to Plaintiff's claims occurred in this district per 28 U.S.C. § 1391. Defendants admit that jurisdiction and venue is proper.

3. **In addition, in cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall explain the factual basis for such jurisdiction, including (i) in the case of a corporation, the principal place of business and place of incorporation, (ii) in the case of a partnership, limited liability company or trust, the citizenship of each of the entity's members, shareholders, partners and/or trustees. If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit**.

Inapplicable.

4. **A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions and (iii) other applications that are expected to be made at the status conference**.

There are no motions pending and no parties intend to make any application at the status conference. The parties intend to make the following motions during this litigation.

Plaintiff: Plaintiff reserves the right to move for summary judgment on any of her claims, should discovery provide an appropriate basis for such a motion.

COTA: COTA intends to move for summary judgment on Plaintiff's claims. The bases for such motion include, but may not be limited to: 1) Plaintiff cannot state a *prima facie* case of discrimination or retaliation with regard to her termination, as there are no circumstances to suggest she was treated less well because of any protected characteristic, and even if she could, COTA has articulated a legitimate reason for her termination which cannot be rebutted; 2) Plaintiff cannot state a *prima facie* case of harassment, as she was not treated less well than others outside her protected classes and her allegations amount to nothing more than "petty slights or trivial inconveniences"; 3) Plaintiff was not paid less than any similarly situated male employees.

Farrish:  Farrish intends to move for summary judgment on Plaintiff's claims.  The bases for such motion include, but may not be limited to: 1) Farrish was not Plaintiff's employer and did not participate in the decision to terminate her employment; 2) Even if she was Plaintiff's employer, Plaintiff cannot state a *prima facie* case of discrimination or retaliation with regard to her termination, as there are no circumstances to suggest she was treated less well because of any protected characteristic, and even if she could, COTA has articulated a legitimate reason for her termination which cannot be rebutted; 3) Plaintiff cannot state a *prima facie* case of harassment, as she was not treated less well than others outside her protected classes and her allegations amount to nothing more than "petty slights or trivial inconveniences; 4) Plaintiff was not paid less than any similarly situated male employees; and, 5) as Plaintiff's primary claims against COTA fail, her aiding and abetting claims against Farrish fail as well.

Insperity:  Insperity intends to move for summary judgment, including but not limited to, on the following bases: 1) Insperity was not Plaintiff's employer; 2) Insperity was not involved in the decision to terminate Plaintiff's employment, and 3) Insperity was not informed of Plaintiff's alleged request for an accommodation or COTA's decision to terminate Plaintiff until after the termination took place.

5.  **A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1)).**  The parties are in the process of exchanging discovery as set forth in Your Honor's Initial Discovery Protocols for Employment Cases.  While the parties believe this will encompass the majority of documentary discovery exchanged, COTA contends that additional discovery regarding Plaintiff's post-termination activities and her allegations that COTA's response to such activities was retaliatory may be warranted, including information regarding social media accounts that, upon information and belief, COTA alleges were maintained by Plaintiff and used to post disparaging comments about Farrish and others.

6.  **A computation of each category of damages claimed,** *see* **Fed. R. Civ. P. 26(a)(1)(A)(iii).**  Plaintiff will claim, at a minimum, lost wages for the six months she was unemployed following her termination ($65,000), her lost bonus for the first year of her employment at Defendants ($13,000), emotional distress damages in an amount to be determined at trial, punitive damages in an amount to be determined at trial, damages under the New York Equal Pay Law, which can only be calculated after fact discovery, and attorney fees and costs of pursuing her claims.

7.  **A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**  The parties have not engaged in settlement discussions at this time, but have been referred to the Southern District's mediation program.

Hon. Lorna G. Schofield
United States District Judge
June 30, 2022
Page 5

8.  **<u>Any other information that the parties believe may assist this Court in resolving the action</u>.**  None.

      We appreciate the Court's consideration of this submission.

Respectfully submitted,

JACKSON LEWIS P.C.

*Kathryn J. Barry*

KJB/kms

Kathryn J. Barry

cc:     All attorneys of record (via ECF)
4878-3964-3431, v. 1