# JacksonLewis

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville NY  11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

DIRECT DIAL:  (631) 247-4612
EMAIL ADDRESS: KATHRYN.BARRY@JACKSONLEWIS.COM

November 3, 2022

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY  10007

        Re:    Meera Patel v. Cota, Inc., et al.
               Case No. 22-cv-03840

Dear Judge Schofield:

      As counsel for COTA Inc. ("COTA") and Kaeleigh Farrish ("Farrish"), we write in response to Plaintiff's second letter motion for an extension of time to reopen the above-referenced action (Docket Entry ("DE") 29).  Plaintiff's request omitted a significant aspect of Defendant COTA's and Farrish's opposition to Plaintiff's request to reopen: the parties have not only entered into a settlement agreement resolving this matter in its entirety, they have executed a stipulation of dismissal, with prejudice.  There is no reason why this matter should be reopened.

      By way of background, after the parties' notified this Court that it had reached a settlement in principle, Your Honor issued an Order dismissing this action "without costs and without prejudice to restoring the action to the Court's calendar, provided the application to restore the action is made within thirty (30) days".  (DE 25).  On October 6, 2022, Plaintiff requested a thirty (30) day extension of time to move to reopen, as "the parties are engaged in the process of finalizing a confidential settlement agreement, and need more time for that."  (DE 27).  Your Honor granted the application on October 7, 2022, and ordered that "[a]ny application to restore this action will be made by November 7, 2022.  No further extension will be granted absent extraordinary circumstances."  (DE 28).

      The parties finalized the terms of the settlement agreement on October 7, 2022. That agreement is now fully executed, and a stipulation of dismissal, with prejudice, has been signed by all counsel.[1]  Defendants are not in breach of the agreement, nor is there an alleged breach.  Even if there was, it would not be addressed by reopening this action.  Thus, when

---

[1] While the agreement does not require Defendants to wait to file the stipulation of dismissal with prejudice, the undersigned intended to file same at the time payment was finalized.  A copy is attached as Exhibit A.

Hon. Lorna G. Schofield<br>
United States District Judge<br>
June 30, 2022<br>
Page 2

Plaintiff's counsel requested the parties make a joint motion for further time to move to reopen, the undersigned responded that "We've all signed a stipulation of dismissal, the filing of which is not contingent upon payment first being made, and the agreement is signed.  If there's some failure to pay by the 19th (which there won't be) it would be an action to enforce the settlement or for breach, not to reopen this."[2]  When Plaintiff's counsel responded stating he "would make the request.  Should I tell the Court that we are making the request with or without your consent," we reiterated that COTA and Farrish "do not consent.  The parties have a fully executed agreement, and a fully executed stipulation of dismissal.  Judge Schofield was clear she wouldn't extend the time to reopen without good cause, and we do not believe there's any reason, let alone good cause, to do so here."

      Thus, we respectfully request that Plaintiff's request be denied.

Respectfully submitted,<br><br>
JACKSON LEWIS P.C.<br><br>
*Kathryn J. Barry*<br><br>
Kathryn J. Barry

KJB/kms
cc:    All attorneys of record (via ECF)
4892-2089-1965, v. 1

---

[2] Plaintiff's counsel omits the reference to the stipulation of dismissal from the present application.  (DE 29).