# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 │ New York, NY 10006

Office. 646.964.1178

Fax. 212.208.2914

anthony@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM

November 3, 2022

**By ECF**
Honorable Lorna G. Schofield
United States District Judge
500 Pearl Street
New York, NY 10007

Re:    **Patel v. Cota, Inc., 22 CV 3840**

Dear Judge Schofield:

Application **DENIED**.  The October 7, 2022, Order stated that no further extensions would be granted absent extraordinary circumstances.  No such circumstances exist here.  If Defendants do not perform under the parties' settlement agreement, Plaintiff may bring suit to enforce the agreement.  So Ordered.

Dated: November 4, 2022
    New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

This firm represents Plaintiff Meera Patel in this employment discrimination action.  I am writing to request an extension of time of 30 days, through December 7, 2022, for Plaintiff to restore the action if necessary.  The current deadline to restore the action is November 7, 2022 (ECF Doc. 28).  This is Plaintiff's second request for an extension of time to restore the action if necessary.  The first request was on consent, and was granted by the Court on October 7, 2022 (*id.*).  Defendants do not consent to this second request.

After the settlement agreement was finalized, Plaintiff signed the settlement agreement on October 14, 2022.  The various Defendants signed the settlement agreement on October 17 and 24, 2022 and provided the fully executed agreement to Goddard Law on November 2, 2022. When asked yesterday for Defendants' consent to extend the time to restore the action, counsel Kathryn J. Barry replied, "If there's some failure to pay by the 19th (which there won't be) it would be an action to enforce the settlement or for breach, not to reopen this."  We acknowledge and appreciate Ms. Barry's good faith, but in reality no attorney can control or guarantee a client's conduct.  Plaintiff would be prejudiced if she were required to bring an action to enforce the settlement on a contract rather than being able to reopen the instant action.  Such prejudice would be unnecessary, given the limited relief requested on this motion.

We appreciate the Court's consideration.

Respectfully submitted,

Anthony P. Consiglio

cc:  All Counsel (by ECF)